UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN VARGAS ARELLANO,

        Petitioner,

     v.

R. FOX,

        Respondent.

Case No. 18-cv-00623-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. No. 16

## INTRODUCTION

This federal habeas action is dismissed upon respondent's motion because petitioner Arellano's appeal of his sentence is pending in state court.

## BACKGROUND

In 2014, Arellano was convicted by a state court jury of burglary, assault, and vandalism. (Resp't's Mot. to Dismiss, Dkt. No. 16 at 2.) The jury also found true criminal street gang allegations. (*Id.*) In a separate proceeding, allegations that Arellano had a prior strike and had committed a serious felony were found true. (*Id.*) A sentence of 16 years was imposed. (*Id.*)

In 2017, the state appellate court remanded the case to the superior court. (*Id.*) On remand, the trial court was to adjudicate any petition Arellano had filed in which he asked to have the prior felony conviction reduced to a misdemeanor, and then resentence him.

1     (*Id.*)  The state supreme court denied his petition for review that same year.  (*Id.*)

2        In January 2018, the trial court resentenced petitioner to 14 years.  (*Id.*)  In

3 February, he filed a notice of appeal.  (*Id.*)  His appeal is pending before the appellate

4 court.  (*Id.*)  His opening brief was due September 5, 2018.[1]  (*Id.*)

5                           **DISCUSSION**

6        Respondent moves to dismiss the petition because the adjudication of the current

7 petition would interfere in ongoing state criminal proceedings.

8        Under principles of comity and federalism, a federal court should not interfere with

9 ongoing state criminal proceedings absent extraordinary circumstances (such as bad faith

10 or harassment).  *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).  *Younger* abstention is

11 appropriate when (1) there is "an ongoing state judicial proceeding," (2) those

12 "proceedings implicate important state interests," and (3) there is "an adequate opportunity

13 in the state proceedings to raise constitutional challenges."  *Middlesex Cty. Ethics Comm.*

14 *v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

15        Abstention is appropriate here because all the elements of *Younger* are present.  The

16 record demonstrates that Arellano's state court proceedings are ongoing, which satisfies

17 the first *Younger* requirement.  "When . . . an appeal of a state criminal conviction is

18 pending, a would-be habeas corpus petitioner must await the outcome of his appeal before

19 his state remedies are exhausted."  *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.

20 1983); *Edelbacher v. Calderon*, 160 F.3d 582, 585-586 (9th Cir. 1998) ("we decline to

21 depart from the general rule that a petitioner must await the outcome of the state

22 proceedings before commencing his federal habeas corpus action").

23        The second *Younger* element is also present.  The Supreme Court has held that "a

24 proper respect for state functions," such as ongoing criminal proceedings, is an important

25 issue of state interest.  *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting

26

27 _____

28 [1] Respondent gives two dates for the brief deadline, August 6 and September 5.  (Dkt. No. 16 at 2.)  A review of the record shows that August 6 was a prior deadline, which was extended to September 5.  (*Id.* at 35-36.)

*Younger*, 401 U.S. at 44). As to the third prong of *Younger*, the Court finds no reason Arellano cannot pursue his constitutional claims in state court.

Also, any interference by this court in the state court proceedings would enjoin or have the practical effect of enjoining state proceedings, results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Furthermore, nothing in the petition suggests there are extraordinary circumstances requiring this court's interference in state court proceedings. Thus, *Younger* abstention is applicable here.

## CONCLUSION

This federal habeas action is DISMISSED without prejudice to Arellano filing a petition after his appeals, including any future ones in the state supreme court, have concluded. Respondent's motion to dismiss is GRANTED. (Dkt. No. 16.)

The Clerk shall terminate Dkt. No. 16, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 31, 2018



WILLIAM H. ORRICK
United States District Judge